UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JAMES D. ZEBRANEK, JR.,

     Petitioner,

v.                                    CASE NO. 8:21-cv-559-CEH-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,

     Respondent.
_____/

## ORDER

Petitioner, a Florida inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). Pursuant to this Court's order (*see* Doc. 7), Petitioner filed an amended petition (Doc. 9). Respondent moves to dismiss the amended petition as time-barred (Doc. 14), which Petitioner opposes (Doc. 27). Upon consideration, the motion to dismiss will be granted.

### Procedural Background

On August 21, 2013, Petitioner was found guilty by a jury of grand theft, fourteen counts of money laundering, and two counts of perjury by false written declaration (Doc. 15-2, Ex. 1j). He was sentenced to 20 years in prison followed by 10 years on probation (*Id.*, Ex. 3 at p. 14). His convictions and sentences were affirmed on appeal on January 20, 2016 (*Id.*, Ex. 6). His motion for rehearing (*see id.*,

Ex. 7) was denied on February 17, 2016 (*Id.*, Ex. 8). His subsequent *pro se* motion for rehearing was stricken as unauthorized because he was represented by counsel (*Id.*, Ex. 2 at docket pp. 1922-23).

On May 1, 2016, Petitioner filed a Motion for Modification and/or Mitigation of Sentence under Rule 3.800(c), Florida Rules of Criminal Procedure (*Id.*, Ex. 12). The motion was denied on April 27, 2017 (*Id.*, Ex. 14).

On March 15, 2017, Petitioner filed a Motion for Postconviction Relief with Incorporated Memorandum of Law under Rule 3.850, Fla.R.Crim.P. (*Id.*, Ex. 15). However, on May 17, 2017, Petitioner filed a motion to withdraw the Rule 3.850 motion (*Id.*, Ex. 16). The motion was granted, and the post-conviction court dismissed the motion without prejudice on June 1, 2017 (*Id.*, Ex. 17).

On March 14, 2018, Petitioner filed another Rule 3.850 motion (Doc. 15-3, Ex. 18 at record pp. 6-34). After Petitioner amended the Rule 3.850 motion (*see id.*, Ex. 18 at record pp. 200-41), the post-conviction court denied the amended motion on January 30, 2019 (*Id.*, Ex. 18 at record pp. 288-935). The denial of relief was affirmed on appeal (*id.*, Ex. 21), and the appellate court mandate issued on May 22, 2020 (*Id.*, Ex. 24). Petitioner filed his initial federal habeas petition on March 4, 2021 (Doc. 1 at p. 1).

## Discussion

Respondent moves to dismiss the petition as time-barred under 28 U.S.C. §

2244(d), arguing that more than one year passed after Petitioner's judgment of conviction became final (Doc. 14 at pp. 6-10). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations in which a state prisoner may file a federal habeas petition. 28 U.S.C. § 2244(d)(1). *Lawrence v. Florida*, 549 U.S. 327, 331 (2007). The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). And "[t]he time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's judgment of conviction was affirmed by the appellate court on January 20, 2016, and his motion for rehearing was denied on February 17, 2016. Therefore, for purposes of § 2244(d), the judgment became final ninety (90) days later on May 17, 2016.[1] *See Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236–37 (11th Cir. 2004) (holding that Florida prisoner's conviction became "final" for AEDPA purposes on date the 90–day period for seeking certiorari review in Supreme Court expired); *Close v. United States*, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to

---

[1] Because 2016 was a leap year, there were 29 days in February. *See* www.timeanddate.com/calendar/?year=2016&country=1

rules of the Supreme Court, a petition for certiorari must be filed within 90 days of

the appellate court's entry of judgment on the appeal or, if a motion for rehearing is

timely filed, within 90 days of the appellate court's denial of that motion."); Supreme

Court Rules 13(1) and (3) (for a petition for certiorari to be timely, it must be filed

within 90 days after entry of the judgment or order sought to be reviewed). Thus,

Petitioner's AEDPA statute of limitations period commenced on May 18, 2016. He

therefore had until May 17, 2017, in which to file a timely federal habeas petition

under § 2254. His habeas petition was filed on March 4, 2021. Accordingly, his

petition is untimely unless the limitations period was tolled for a sufficient period by

properly filed state court post-conviction applications.

Before the AEDPA's limitations period commenced, it was tolled by

Petitioner's May 1, 2016 Rule 3.800(a) motion (through April 27, 2017, when the

motion was denied), and March 15, 2017 Rule 3.850 motion. The limitations period

remained tolled through Monday, July 3, 2017, the date Petitioner's 30–day right to

appeal the state post-conviction court's June 1, 2017 order dismissing the Rule 3.850

motion expired.[2] *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383 (11th Cir.

2006) (a post-conviction motion is considered "pending" and tolls the AEDPA

statute of limitations until it is fully resolved, which includes the time for filing an

---

[2] The dismissal order indicated Petitioner had 30 days to appeal (Doc. 15-2, Ex. 17). And since the 30th day fell on a Saturday (July 1, 2017), Petitioner had until the next business day to timely file his notice of appeal. *See* Rule 9.420(e), Florida Rules of Appellate Procedure.

appeal, even if no appeal is filed); Fla.R.Crim.P. 3.850(k) (providing movant 30 days to timely appeal all orders denying motion for post-conviction relief). Thus, the limitations period commenced on Wednesday, July 5, 2017, and ran 252 days before it again was tolled by Petitioner's March 14, 2018 Rule 3.850 motion. That motion remained pending until the appellate court mandate issued on Friday, May 22, 2020. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (Rule 3.850 motion is considered pending until the mandate issues in any appellate proceedings).

The limitations period again started running on Monday, May 25, 2020, and expired 113 days later on Tuesday, September 15, 2020. Therefore, Petitioner's March 4, 2021 federal habeas petition is untimely.

**Petitioner's arguments**

Petitioner argues his petition is timely or should be considered on the merits even if untimely.

### I. The petition is not timely because it was filed under 28 U.S.C. § 2241

Petitioner appears to argue his petition is timely because he brought it under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 (Doc. 8; Doc. 9 at 15). The Court disagrees. Because Petitioner's petition attacks his convictions, it is subject to the procedural limitations of 28 U.S.C. § 2254. *See Holland v. Sec'y, Fla. Dep't of Corr.*, 941 F.3d 1285, 1287 (11th Cir. 2019) ("This Court has long held that 'a prisoner collaterally attacking his conviction or sentence may not avoid the various

procedural restrictions imposed on § 2254 petitions ... by nominally bringing suit

under § 2241.'" (quoting *Antonelli v. Warden*, *U.S.P. Atlanta*, 542 F.3d 1348, 1351

(11th Cir. 2008))). Thus, under Eleventh Circuit precedent, Petitioner cannot

circumvent the AEDPA's statute of limitation merely by labeling his petition as one

under § 2241. *See Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004)

("Because there is a single habeas corpus remedy for those imprisoned pursuant to a

State court judgment (authorized by § 2241 but subject to all of the restrictions of §

2254), . . .and because one of those restrictions is the one-year statute of limitations

set out in § 2244(d), . . .it follows that the one-year statute of limitations applies to

Peoples' petition [brought under § 2241]." (internal citations omitted)).

## II. The petition is not timely under 28 U.S.C. § 2244(d)(1)(D)

By alleging he recently (in 2021) discovered his claim that the State Attorney

abused his executive power in charging Petitioner with crimes when Petitioner was

authorized to transfer money out of the account as "sole trustee" and under a power

of attorney, Petitioner may be implicitly arguing his petition is timely under 28

U.S.C. § 2244(d)(1)(D). The limitations period under this subsection begins to run on

"the date on which the factual predicate of the claim or claims presented could have

been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"That '[t]ime begins when the prisoner knows (or through diligence could discover)

the important facts, *not when the prisoner recognizes their legal significance*.'" *Nordelo v.*

*Sec'y, Fla. Dep't of Corr.*, 635 F. App'x 636, 639 (11th Cir. 2015) (quoting *Cole v. Warden*, *Ga. State Prison*, 768 F.3d 1150, 1157 (11th Cir.2014) (alteration and emphasis in original)).

The factual predicate upon which Petitioner's claim is based was readily apparent on December 27, 2012, the date on which the Amended Felony Information was filed by the State Attorney (Doc. 15-2, Ex. 1a). And at that time, Petitioner knew of the trust agreement and the power of attorney. Indeed, on January 29, 2013, he moved to dismiss on the ground that those documents authorized the actions for which he was charged in the Amended Felony Information (*Id.*, Ex. 1b). Nothing in the record, nor in Petitioner's filings, suggests he discovered any fact—as opposed to his discovery of the potential legal significance of those facts—in 2021. Thus, Petitioner's claim is not timely under § 2244(d)(1)(D).

**III. The miscarriage of justice exception to the time bar is inapplicable**

Petitioner attempts to invoke the "miscarriage of justice" exception to overcome his time-barred petition (Doc. 27 at 5-9). He argues applying the time-bar in his case would result in a miscarriage of justice because the State Attorney abused his authority in prosecuting him when the State Attorney knew he had lawful authority to transfer funds from the trust account as sole trustee and knew a power of attorney gave him authority to handle the assets that were the subject of the charges (*Id.* at 7-8).

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass [where] the impediment is ... expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In other words, such a "claim of innocence is ... 'not itself a constitutional claim, but instead a gateway through which a petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Schlup v. Delo*, 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

Actual innocence "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). To prove he is actually innocent, Petitioner must present "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. He must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Petitioner fails to make a credible showing of actual innocence because he presents no new reliable evidence of factual innocence. Rather, he relies on the same evidence (the trust agreement and durable power of attorney) presented during his criminal proceedings and trial (*See, e.g.,* Doc. 15-2, Ex. 1b; Ex. 1g at 1048; Ex. 1h at 1178-84). *See Schlup*, 513 U.S. at 324 (to prove actual innocence, a petitioner must present "new reliable evidence ... that was not presented at trial."); *Hancock v. Davis*,

906 F.3d 387, 389-90 (5th Cir. 2018) (Evidence is not "new" for purposes of the actual-innocence gateway if it was presented at trial or if "it was always within the reach of the [petitioner's] personal knowledge or reasonable investigation.") (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)).

In sum, Petitioner's claim of actual innocence is unsupported by any new reliable evidence. Instead, Petitioner relies on evidence presented during his trial to support his claim of actual innocence. This is insufficient to demonstrate a fundamental miscarriage of justice and excuse Petitioner's failure to file a timely petition.

Petitioner argues the "miscarriage of justice" exception is not limited to "claims of actual innocence" and includes claims, like his, asserting a "violation of the constitution or laws of the United States. . . ." (Doc. 27 at 6). The Court disagrees.

"The 'miscarriage of justice' exception, the 'manifest injustice' exception, and the 'actual innocence' exception are the same exception." *Jerrido v. Sec'y, Dep't of Corr.*, 2023 WL 4904652, at *3 (M.D. Fla. Aug. 1, 2023) (citing *Sawyer v. Whitley*, 505 U.S. 333, 333 (1992) ("The miscarriage of justice exception applies where a petitioner is 'actually innocent' of the crime of which he was convicted."); *Schlup*, 513 U.S. at 321 ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at

the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence."); *Schlup*, 513 U.S at 327 (recognizing that the requirement to show that the constitutional violation has probably resulted in the conviction of someone who is actually innocent "still provid[es a] petitioner a meaningful avenue by which to avoid a manifest injustice."); *House*, 547 U.S. at 537 (using both "miscarriage of justice" and "actual innocence" to describe the same exception). Thus, because Petitioner fails to present a colorable claim of actual innocence, he is not entitled to relief under the "miscarriage of justice" exception to the AEDPA's limitations period. Finally, he is not entitled to the exception merely by alleging a federal constitutional violation because AEDPA's statute of limitations applies to constitutional claims. *See, e.g., Upshur v. Hickock*, 194 F.3d 1321 (10th Cir. 1999) (AEDPA's statute of limitations "explicitly bars untimely" federal constitutional claims "no matter how meritorious").

**IV. Petitioner fails to demonstrate entitlement to equitable tolling**

Last, Petitioner argues that his petition is not time-barred because he is entitled to equitable tolling of the AEDPA's limitations period between March 2020 and "early" 2021 (Doc. 27 at 2-5). Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights

diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He must show a causal connection between the extraordinary circumstances and the late filing of the petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). A prisoner bears the burden of proving that he is entitled to equitable tolling. *Id.* at 1268.

Petitioner has not met his burden to show he is entitled to equitable tolling. He alleges that in March 2020, in response to the COVID-19 pandemic, his prison "completely eliminated" access to the prison law library and inmate canteen (Doc. 27 at 3-4). Because those facilities were closed, he had no access to legal research materials, his legal file (that was stored in the law library), and copy services, and he could not purchase paper, pens, or pencils from the canteen (*Id.* at 4). In "early" 2021, Petitioner had "restricted access" to the law library and could access his legal file, and he was able to finish preparing his federal habeas petition by March 4, 2021 (*Id.*). He contends his lack of access to the law library, his legal file, and other materials was an extraordinary circumstance that prevented him from filing a timely federal habeas petition (*Id.* at 5).

Lack of access to a prison law library or legal papers is not an extraordinary circumstance warranting equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282-83 (11th Cir. 2004) ("*Akins* suggests that lockdowns and periods in which a

prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Castillo v. United States*, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) ("[N]either lack of access to a federal law library, nor periods of time in which a prisoner is separated from his legal documents constitute extraordinary circumstances [that warrant equitable tolling]."). Moreover, both the Eleventh Circuit Court of Appeals and district courts within the Eleventh Circuit, including this district, have declined to grant equitable tolling based on prison lockdowns caused by COVID-19. *See, e.g., Rush v. Sec'y, Fla. Dep't of Corr.*, 2021 WL 3134763, at *1 (11th Cir. Jun. 22, 2021) (determining COVID-19 was not an "extraordinary circumstance" because all prisoners attempting to access legal resources were subject to COVID-19 protocols); *Powell v. United States*, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) ("Under this Court's precedents, lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling."); *United States v. Marshall*, 2021 WL 3854469, *3 (E.D. Ky. Aug. 5, 2021) (a general lack of access to legal resources, even during COVID-19 pandemic, does not justify equitable tolling); *Lutgen v. United States*, 2023 WL 2475309, at *5 (S.D. Fla. Mar. 13, 2023) ("However, this circuit's precedent is that 'lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify

equitable tolling.'" (quoting *Powell*, 2022 WL 2811987, at *1)); *Lebed v. Sec'y*, 2023 WL 6676138, at *3 (M.D. Fla. Oct. 12, 2023) (rejecting petitioner's argument that he was entitled "to equitable tolling based on lockdowns or the law library's being converted to a quarantine area due to COVID-19"). And while Petitioner alleges he was prevented from purchasing paper, pens, and pencils from the canteen because it was closed, this vague and conclusory claim, unsupported by any evidence, does not establish an extraordinary circumstance. *See San Martin*, 633 F.3d at 1271 (petitioner was not entitled to an evidentiary hearing on equitable tolling where allegations were conclusory and unsupported by evidence). Petitioner does not allege or show he had no paper, pen, or pencil to use to prepare a timely petition.

Finally, even if the alleged lockdowns established extraordinary circumstances, Petitioner fails to show he acted with due diligence. Due diligence requires action by the petitioner. *See Aron v. United States*, 291 F.3d 708, 712 (11th Cir.2002) (due diligence requires a prisoner to make "reasonable efforts"). There is no allegation that Petitioner took any action to attempt to timely file a petition. For instance, he does not allege he informed prison officials he had a deadline for filing his federal habeas petition and needed access to his legal file and materials to prepare a petition but was denied. *See Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir.2006) (to show diligence, petitioner "must provide details of the specific actions taken toward filing the petition"), *modified in non-pertinent part*, 459 F.3d 1310 (11th Cir.2006), *cert.*

13

*denied*, 549 U.S. 1338 (2007). And he does not show he was prevented from filing a timely habeas petition and thereafter amending it after he obtained access to his file and legal materials. *See Robinson v. Johnson*, 313 F.3d 128, 143 (3rd Cir.2002) (denying equitable tolling based on the deprivation of legal materials because petitioner "did not seek to file a timely petition and then clarify it once he had access to his materials.").

Accepting Petitioner's contentions as true, he fails to demonstrate extraordinary circumstances beyond his control and due diligence. Consequently, he is not entitled to equitable tolling.

In sum, because Petitioner failed to file his petition within the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A), and because he failed to establish either adequate grounds for equitable tolling or his actual innocence of the offenses for which he was convicted, his petition must be dismissed as time-barred.

Accordingly:

1. Respondent's construed motion to dismiss (Doc. 14) is **GRANTED**. Petitioner's amended petition for the writ of habeas corpus (Doc. 9) is **DISMISSED** as time-barred.

2. The Clerk is directed to close this case.

**Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied**

A petitioner does not have absolute entitlement to appeal the denial of his

14

habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* A COA will issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a petitioner must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335 36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster*, 199 F.3d at 1257 n. 2 (dismissal of habeas petition as time-barred is procedural). Petitioner cannot make that showing. And since he is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on January 10, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Petitioner, *pro se*

15